**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**UMG RECORDINGS, INC.,** *a Delaware corporation;* **SONY BMG MUSIC ENTERTAINMENT,** *a Delaware general partnership*; **WARNER BROS. RECORDS INC.,** *a Delaware corporation*; **MOTOWN RECORD COMPANY, L.P.,** *a California limited partnership*; *and* **BMG MUSIC,** *a New York general partnership*,

                **Plaintiffs,**

    v.

**MEAGAN GREEN***,*

                **Defendant.**
_____

1:08-CV-273
(GLS/DRH)

**APPEARANCES:**        **OF COUNSEL:**

**FOR THE PLAINTIFFS:**

Leclair, Korona Law Firm       STEVEN E. COLE, ESQ.
150 State Street
Suite 300
Rochester, NY 14614

**FOR DEFENDANT:**

MEAGAN GREEN
*Pro Se*
742 5th Ave.
Troy, NY 12182

**Gary L. Sharpe**
**U.S. District Judge**

# MEMORANDUM-DECISION AND ORDER

## I. Introduction

In this action UMG Recordings, Inc., Sony BMG Music Entertainment, Warner Bros. Records Inc., Motown Record Company, L.P. and BMG Music (collectively "Plaintiffs") allege that defendant Meagan Green has infringed their copyrights in certain musical works in violation of the Copyright Act, 17 U.S.C.§ 101, *et seq*. Presently pending before the court is Plaintiffs' unopposed motion for summary judgment. For the reasons that follow the motion is granted.

## II. Facts[1]

Plaintiffs are the owners or licensees of copyrights in the ten musical works alleged to have been infringed by Green. (*See* Pl. SMF ¶ 1; Dkt. No.

---

[1] The facts are derived from Plaintiffs' statement of material facts, and are deemed admitted for two reasons. First, Plaintiffs' request for admissions, upon which their statement of material facts is based, was deemed admitted by Magistrate Judge David R. Homer due to Green's failure to respond to discovery requests, despite the court's Order that she do so. (*See* Dkt. Nos. 14-18.) *See, e.g., Donovan v. Carls Drug Co.*, 703 F.2d 650, 651 (2d Cir. 1983) (Rule 36 admissions may be used on Rule 56 motion), *rejected on other grounds by McLaughlin v. Richland Shoe Co.,* 486 U.S. 128, 134 (1988). Second, Green has failed to respond to Plaintiffs' motion for summary judgment or statement of material facts, despite notification by both this court and the Plaintiffs that such failure could result in the court deeming Plaintiffs' statement of material facts admitted and granting Plaintiffs' motion under Local Rule 7.1. (*See* Dkt. Nos. 20, 22.)

20:2.)  Using the screen name "Princess050280" Green connected to an online media distribution system through her computer, downloaded Plaintiffs' sound recordings, and distributed these sound recordings to millions of other users by placing them in the share folder on her computer. *Id*. at ¶¶ 2, 4, 5.  Plaintiffs never authorized Green to copy, download, distribute or share Plaintiffs' sound recordings.  *Id*. at ¶ 6.  Plaintiffs registered the copyright in each of the ten sound recordings prior to the first date that Green downloaded or distributed the Sound Recordings.  *Id.* at ¶ 7.

On March 11, 2008, Plaintiffs filed the instant action seeking, *inter alia*, statutory damages, injunctive relief and costs for Green's alleged infringement.  (*See* Dkt. No. 1.)  On April 7, 2008, the court received letters from Green requesting an extension of the answer deadline, appointment of counsel, and leave to proceed *in forma pauperis*.  (*See* Dkt. Nos. 7-9.)  Since such time she has not made any further appearances in the action.  Presently pending before the court is Plaintiffs' unopposed motion for summary judgment.  (*See* Dkt. No. 20.)

### III.  **Standard of Review**

The standard for the grant of summary judgment is well-established,

and will not be repeated here. For a full discussion of the standard, the court refers the parties to its previous opinion in *Bain v. Town of Argyle,* 499 F. Supp. 2d 192, 194-95 (N.D.N.Y. 2007).

## IV. Discussion

### A. Green has Infringed Plaintiffs' Copyrights

The Copyright Act grants the copyright owner of a sound recording the exclusive rights "to reproduce the copyrighted work in copies or phonorecords" and "distribute copies or phonorecords of the copyrighted work to the public." 17 U.S.C. § 106 (1), (3). To establish copyright infringement, Plaintiffs must prove two elements: (1) ownership of a valid copyright in the subject sound recordings, and (2) that Green copied or distributed copies of those sound recordings. *See, e.g., Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). It is unnecessary for Plaintiffs to show that the infringement was done knowingly or intentionally. *See, e.g., Fitzgerald Publ'g Co. v. Baylor Publ'g Co.*, 807 F.2d 1110, 1113 (2d Cir. 1986).

In light of the these principles it is clear that summary judgment in favor of Plaintiffs on the issue of Green's infringement is appropriate here. Through her deemed admissions, Green has conceded that Plaintiffs are

4

the owners or licensees of valid copyrights in the ten sound recordings at issue. (See Pl. SMF ¶ 1; Dkt. No. 20:2.) She has further admitted that Plaintiffs registered their copyrights prior to the first date that she downloaded or distributed the sound recordings. *Id*. at ¶ 7. Thus, Plaintiffs' ownership of the relevant copyrights is undisputed. It is also clear that Green has copied and distributed these copyrighted works without authorization. Through her deemed admissions, Green concedes that she has used an online media distribution system to download Plaintiffs' sound recordings, and that she distributed such sound recordings by placing them in her computer's share folder, thus making them available to millions of others. *Id.* at ¶¶ 2, 4-6. As a matter of law, such acts constitute an unlawful reproduction of Plaintiffs' sound recordings and a violation of Plaintiffs' exclusive right to distribute their recordings. *See, e.g., BMG Music v. Gonzalez*, 430 F.3d 888, 889-90 (7th Cir. 2005) (affirming summary judgment against defendant who downloaded copyrighted music through the Internet); *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1014 (9th Cir. 2001) ("Napster users who upload file names to the search index for others to copy violate plaintiffs' distribution rights."). Accordingly, Plaintiffs are entitled to an order finding that Green

has infringed the ten sound recordings listed in Exhibit A to their complaint.

**B.     Plaintiffs are Entitled to Statutory Damages.**

Once copyright infringement has been established the Copyright Act allows the copyright owner to recover statutory damages for each infringed work, in lieu of recovering actual damages and defendant's profits. *See* 17 U.S.C. § 504(c)(1). Statutory damages for non-willful infringement range from $750 a work to $30,000 a work. *Id.* Here, Plaintiffs seek the statutory minimum of $750 for each of the ten sound recordings infringed by Green. (*See* Pl. Mem. at 12-14; Dkt. No. 20:2.) A plaintiff electing statutory damages may not be awarded less than the minimum statutory amount specified under the Copyright Act for each work infringed. *See Gonzalez*, 430 F.3d at 892-93; *Columbia Pictures Indus. v. Krypton Broad of Birmingham, Inc.*, 259 F.3d 1186, 1194 (9th Cir. 2001). Accordingly, the court awards Plaintiffs statutory damages of $7,500.

**C.     Plaintiffs are Entitled to a Permanent Injunction**

Plaintiffs next seek an order permanently enjoining Green from infringing their present and future copyrights, and requiring Green to destroy unauthorized copies of the Plaintiffs' sound recordings. (*See* Pl. Mem. at 14-17; Dkt. No. 20:2.)

The Copyright Act provides that "[a]ny court having jurisdiction of a civil action arising under this title may ... grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). "As a general rule, a permanent injunction will be granted when liability has been established and there is a threat of continuing violations." *MAI Sys. Corp. v. Peak Computer, Inc.*, 991 F.2d 511, 520 (9th Cir. 1993); *see also Sony Pictures Home Entm't Inc. v. Chetney*, No. 5:06-CV-227 (FJS/GJD), 2007 WL 655772, at *3 (N.D.N.Y. Feb. 26, 2007) (Scullin, J.). Additionally, "[t]he weight of authority supports the extension of injunctive relief to future works." *Princeton Univ. Press v. Michigan Document Servs., Inc.*, 99 F.3d 1381, 1392 (6th Cir. 1996); *see also Chetney*, 2007 WL 655772, at *3.

Green's liability for copyright infringement has been established by reason of her deemed admissions. Further, the manner of Green's infringement indicates that future violations will occur in the absence of a permanent injunction. Plaintiffs' exhibits demonstrate that Green has downloaded hundreds of sound recordings, including the ten at issue here, and distributed them to innumerable people. (*See* Pl. Ex. A; Dkt. No. 20:4, Pl. Ex; Dkt. No. 1:2.) Without injunction relief, there is nothing to stop

7

Green from continuing to download and distribute Plaintiffs' sound recordings. Thus, the court grants Plaintiffs' request for a permanent injunction prohibiting Green's infringement of their present and future sound recording copyrights.

### D.     Plaintiffs are Entitled to Costs

In relevant part, Section 505 of the Copyright Act provides that a "court in its discretion may allow the recovery of full costs by or against any party." 17 U.S.C. § 505. An award of costs serves three functions: deterring copyright infringement, ensuring that all copyright holders have access to the courts in the event of infringement, and penalizing the infringer while compensating the copyright holder. *See A&N Music Corp. v. Venezia*, 733 F. Supp. 955, 959 (E.D. Penn, 1990); *see also Cross Keys Publ'g Co. v. Wee, Inc.*, 921 F. Supp. 479, 482 (W.D. Mich. 1995). Here, the court awards Plaintiffs costs of $420- representing $350 for their filing fee and $70 for their service fee.

### V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Plaintiffs' motion for summary judgment (Dkt. No. 20) is granted; and it is further

**ORDERED** that judgment in the amount of $7,920 shall be entered in favor of Plaintiffs; and it is further

**ORDERED** that Green shall be and hereby is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in any of the following copyrighted sounds recordings:

- "It's My Life" on "Crush" by "Bon Jovi" (SR # 281-803);

- "Heaven Can Wait" on "Bat Out Of Hell" by "Meat Loaf" (SR # N46849);

- "In The End" on "Hybrid Theory" by "Linkin Park" (SR # 288-402);

- "I Do (Cherish You)" on "98 Degrees & Rising" by "98 Degrees" (SR # 237-315);

- "My Everything" on "Revelation" by "98 Degrees" (SR # 270-025);

- "One Sweet Day" on "Daydream" by "Mariah Carey" (SR # 215-243);

- "Total Eclipse of the Heart" on "Faster than the Speed of Night" by "Bonnie Tyler" (SR # 50-641);

- "Puttin' on the Ritz" on "After Eight" by "Taco" (SR # 60-833);

- "All Or Nothing" on "O-Town" by "O-Town" (SR # 294-872);

- "God Must Have Spent A Little More Time on You" on "*NSYNC" by "NSYNC" (SR# 252-748);

and in any other sound recordings, whether now in existence or later created, that are owned or controlled by the Plaintiffs (or any parent,

subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiffs' Recordings, to distribute (i.e., upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs. Green also shall destroy all copies of Plaintiffs' Recordings that Green has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Green's possession, custody, or control; and it is further

**ORDERED** that the Clerk of the Court provide a copy of this Order to the parties by regular mail.

**IT IS SO ORDERED.**

Albany, New York
Dated: May 7, 2009

_____
United States District Court Judge